Leigh Ann Culpan (NJ 021712011)
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2800
leighann.culpan@ogletreedeakins.com
Attorneys for United Artists Theatre Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCCO CREEL, ADVOCATES FOR DISABLED AMERICANS | Hon. _____ |
| | Case No. _____ |
| Plaintiffs, | *Civil Action* |
| v. | **NOTICE OF REMOVAL & LOCAL CIVIL RULE 11.2 CERTIFICATION** |
| UNITED ARTISTS and or REGAL ENTERTAINMENT | |
| Defendants. | |

**TO:   CHIEF JUDGE AND JUDGES OF
       THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

    Anthony J. Brady, Jr., Esquire
    1 Rose Avenue
    P.O. Box 129
    Maple Shade, New Jersey 08052
    Attorney for Plaintiffs

    Clerk, Superior Court of New Jersey
    Law Division - Camden County
    1st Floor, Ste. 150
    101 South 5th Street
    Camden, NJ 08103

Michelle M. Smith, Esq., Clerk
The Superior Court of New Jersey
Richard J. Hughes Justice Complex
25 W. Market Street, 6th Floor North Wing
P.O. Box 971
Trenton, New Jersey 08625

**HONORABLE JUDGES:**

Defendant United Artists Theatre Company ("United Artists" or "Defendant") (incorrectly identified as "United Artists and/or Regal Entertainment"), by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby notices the removal of this action from the Superior Court of New Jersey, Camden County, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, to the United States District Court for the District of New Jersey. In support of this Notice, Defendant states as follows:

### TIMELINESS OF REMOVAL

1. On or around August 11, 2016, Plaintiffs Rocco Creel and Advocates for Disabled Americans ("Plaintiffs") commenced a civil action against Defendant in the Superior Court of New Jersey, Camden County, Docket No. L-2961-16, entitled *Rocco Creel, Advocates for Disabled Americans v. United Artists and/or Regal Entertainment,* alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12 *et seq.* ("LAD").

2. Plaintiffs effected service of the Summons and Complaint on Defendant on September 13, 2016. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3. These are the only process, pleadings, or orders known by Defendant to have been served in this action.

4. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days after the receipt by defendant, through service of otherwise, of the Complaint.

2

5. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after receipt by Defendant, through service or otherwise, of the Complaint.

## VENUE

6. The Superior Court of New Jersey, Camden County, is located within the District of New Jersey. 28 U.S.C. § 110. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## BASIS FOR REMOVAL – FEDERAL QUESTION

7. This action is properly removable under 28 U.S.C. § 1441(b), because the United Stated District Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, which provides, in relevant part, that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. The Complaint alleges that Defendant violated the ADA and the LAD. (*See* Exh. A, ¶ 10.)

9. By asserting a claim under federal law, namely the ADA, the Complaint asserts a federal question under 28 U.S.C. § 1331.

10. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## SUPPLEMENTAL JURISDICTION

11. This Court has supplemental jurisdiction over Plaintiffs' state law LAD claim. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiffs' federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of

operative facts . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

12. Here, the basis for Plaintiffs' LAD claim is the same as Plaintiffs' ADA claim. Thus, the claims arise out of a common nucleus of operative facts. Indeed, both the state and federal claims arise out of the following alleged facts: Mr. Creel's alleged patronage at Defendant's movie theater; the alleged lack of access to the movie theater; and the alleged lack of parking spaces, accessible routes, and accessible bathrooms. (*See* Exh. A, ¶ 4.) Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiffs' state law claim. Plaintiffs' state law claims neither raise novel or complex issues of State law nor predominates over the claim over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## CONCLUSION

13. Defendant has not previously sought similar relief.

14. To date, Defendant has not filed a responsive pleading in Plaintiffs' state court action, and no proceedings have transpired in that action.

15. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal have this day been served by overnight mail upon Plaintiffs' counsel, and will be promptly filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court of Camden County, New Jersey.

15. By removing this action, Defendant does not waive, or intend to waive, any defenses it might have including but not limited to venue, improper process, improper service of

process, lack of personal jurisdiction and/or failure to state a claim, and reserves the right to assert all defenses herein.

**WHEREFORE**, Defendant United Artists Theatre Company respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Camden County to the United States District Court for the District of New Jersey.

       Respectfully submitted,

       OGLETREE, DEAKINS, NASH,
       SMOAK & STEWART, P.C.


       By: */s/ Leigh Ann Culpan*
        Leigh Ann Culpan
        1735 Market Street, Suite 3000
        Philadelphia, PA 19103
        215-995-2819
        215-995-2801 (fax)
        leighann.culpan@ogletreedeakins.com
        Attorneys for United Artists Theatre Company

Date: October 13, 2016

## LOCAL CIVIL RULE 11.2 CERTIFICATION

      I, Leigh Ann Culpan, Esq., counsel for Defendant certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration, and that no other action or arbitration is contemplated.

                                            OGLETREE, DEAKINS, NASH,
                                            SMOAK & STEWART, P.C.
                                            Attorneys for United Artists Theatre Company

                                            By:    */s/ Leigh Ann Culpan*
Date:  October 13, 2016                            Leigh Ann Culpan

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 13, 2016, the **NOTICE OF REMOVAL & LOCAL RULE 11.2 CERTIFICATION** was filed with the Clerk of the Court in accordance with the Federal Rules of Civil Procedure, and/or the District of New Jersey's Local Rules and/or the District of New Jersey's Rules on Electronic Service. The above listed document is available for viewing and downloading from the ECF system.

I also served the above-referenced document on Plaintiffs, by FedEx overnight delivery, sent to the attorney of record as follows:

>  Anthony J. Brady, Jr., Esquire
>  1 Rose Avenue
>  P.O. Box 129
>  Maple Shade, New Jersey 08052
>  Attorney for Plaintiffs

and, via prepaid first class mail, upon

>  Clerk, Superior Court of New Jersey
>  Law Division - Camden County
>  1st Floor, Ste. 150
>  101 South 5th Street
>  Camden, NJ 08103
>
>  Michelle M. Smith, Esq., Clerk
>  The Superior Court of New Jersey
>  Richard J. Hughes Justice Complex
>  25 W. Market Street
>  6th Floor North Wing
>  P.O. Box 971
>  Trenton, New Jersey 08625

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 13, 2016        By:    */s/ Leigh Ann Culpan*
                                         Leigh Ann Culpan

26406367.1